782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JANE SCHULTE, Plaintiff-Appellant,
v.
JOAN SCHMETZER, Defendant-Appellee.
 85-3187
 United States Court of Appeals, Sixth Circuit.
 12/24/85
 
 Before: ENGEL and KEITH, Circuit Judges; and UNTHANK, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Jane Schulte appeals the decision of the United States District Court for the Northern District of Ohio granting defendant Schmetzer's motion for summary judgment on Schulte's claims under 42 U.S.C. Sec. 1983.
 
 
 2
 At the time of the incident Jane Schulte was employed as a psychiatric nurse by the State of Ohio at the Western Reserve Psychiatric Habilitation Center. She was at that time also employed by Kelly Health Care Services, a private health care employer engaged in providing WRPHC with temporary nursing services. She previously had also been employed with Staff Builders, another private health care service that had provided WRPHC with temporary nursing services.
 
 
 3
 At the time relevant to the complaint, defendant Joan Schmetzer was employed as the director of nursing at WRPHC. Schulte contends that Schmetzer, acting in her capacity as the director of nursing at WRPHC, abridged certain of her Fourteenth Amendment liberty and property interests by requesting that Kelly Health Care no longer send Schulte to work at WRPHC as a temporary employee and also by requesting that Staff Builders not retain Schulte as a temporary employee at WRPHC because Schmetzer thought Schulte had performed her duties poorly.
 
 
 4
 Schulte argued below that she had been punished by two WRPHC nursing supervisors on the basis of 'ex parte' accusations of wrongdoing by Schmetzer. She contended that she was deprived of constitutional liberty and property interests when she received no notice of these communications, and was not granted a hearing.
 
 
 5
 The district court concluded that Schulte failed to establish any genuine issue of material fact pertinent to her allegation that Schmetzer had violated her constitutional rights. The court held that Schulte's allegation that Schmetzer's comments resulted in her no longer being sent to WRPHC as a temporary nurse on behalf of Kelly Health Care does not give rise to a claim cognizable under 42 U.S.C. Sec. 1983. The court further held that Schmetzer's evaluation of Schulte in her capacity as a temporary nurse employed by Kelly Health Care did not affect her position as an employee of WRPHC and furthermore was made within the scope of Schmetzer's official duties.
 
 
 6
 On appeal, Schulte contends that the trial court failed to address her allegation that she was punished without a hearing on the basis of Schmetzer's negative evaluation. She further contends that the district court erred in concluding that WRPHC was not a party to her contract with Kelly Health Care. She alleges that her contract with Kelly allowed her to continue as a temporary employee at WRPHC so long as she performed her duties properly. She apparently contends, then, that WRPHC's evaluations of temporary nurses made it a party to the nurses' contracts with Kelly Health Care. Additionally, Schulte contends that the district court ignored her allegations of defamation committed by Schmetzer to an individual employed by Staff Builders. In her final argument plaintiff contends that the district court's grant of summary judgment constituted an intentional violation of her right to due process under the Fifth Amendment.
 
 
 7
 Schmetzer argues that Schulte was not injured in her permanent employment at WRPHC, and therefore had no right to a constitutionally mandated hearing. She further argues that her request that Schulte not be assigned by Kelly Health Care to WRPHC did not infringe upon a liberty or property interest. She does not address Schulte's claim that the district court violated Schulte's due process rights.
 
 
 8
 Upon consideration, the court is of the opinion that the district judge did not err in granting summary judgment in favor of defendant Schmetzer. Plaintiff failed to demonstrate that her expectancy of continuing employment at the Habilitation Center through Kelly Health Care Services, an entirely private health care employer, rose to the level of a protected property interest under Ohio law. The evidence was undisputed that Schulte's continued direct employment by the state as a nurse at WRPHC was unaffected by Schmetzer's conduct. Likewise, plaintiff's complaint that a liberty interest had been violated through complaints made to Kelly Health Care Services about the adequacy of her performance as a temporary nurse is without merit. Mere allegations of improper or inadequate performance do not constitute a deprivation of liberty within the meaning of the Fourteenth Amendment. Lake Michigan College Federation of Teachers v. Lake Michigan Community College, 518 F.2d 1091 (6th Cir. 1975). No independent action for defamation by a state official is cognizable under 42 U.S.C. Sec. 1983. See generally Paul v. Davis, 424 U.S. 697 (1976). The WRPHC also did not offend any constitutional rights of plaintiff in commenting upon the quality of her performance as a temporary employee and we have been shown no right protected by Ohio law which would have precluded the Center from discouraging its own full-time employees from working in a moonlight capacity at the Center through a private health care employer. Finally, the court finds to be totally without merit plaintiff's claim that somehow the use of the summary judgment procedure under the Federal Rules of Civil Procedure itself constituted a deprivation of due process.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable G. Wix Unthank, United States District Court for the Eastern District of Kentucky, sitting by designation